## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **TRACY LEONARD BROWN,** | ) | **Civil Action No. 7:16cv00226** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WYTHEVILLE POLICE** | ) | |
| **DEPARTMENT,** *et al.*, | ) | **By: Norman K. Moon** |
| **Defendants.** | ) | **United States District Judge** |

Tracy Leonard Brown, a Virginia inmate proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983 against the Wytheville Police Department and the Wytheville Enterprise (a newspaper). Brown alleges that the newspaper printed an article in August 2014, in which the Police Department stated that Brown was guilty of grand theft auto. Brown claims that the criminal charges referenced in the article were actually "dropped." Brown seeks damages based on "slander and defamation of character." To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). As neither a police department nor a newspaper are a "person" subject to suit under § 1983, Brown cannot maintain this action against the named defendants. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988); *Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982). Further, Brown has not alleged a violation of a federal right. *See, e.g., Thompson v. Kelly*, No. 8:11-2590-TLW-JDA, 2011 U.S. Dist. LEXIS 140974, at *4-5 (D.S.C. Oct. 18, 2011). Accordingly, I will dismiss Brown's complaint without prejudice pursuant to 42 U.S.C. § 1997e(c)(1).

**ENTER**: This <u>15th</u> day of June, 2016.

*Norman K. Moon*

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE